IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>DAVID JOSEPH VON BARGEN, AND DONOVAN J. BOLEN<br><br>Defendants. | Case No. 1:11-CR-143-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
|---|---|

## INTRODUCTION

The Court has before it motions to sever filed by both defendants in this case. The motions are fully briefed and at issue. For the reasons expressed below, the Court will grant both motions, and order that the presently-scheduled joint trial be severed, and that each defendant be tried separately.

## ANALYSIS

**Motions to Sever**

The defendants are charged in eight counts with destroying Government property – a pickup truck and ATV – setting fire to a lumber warehouse, and possessing stolen firearms. They allegedly used Molotov Cocktails to set fire to the vehicles and the warehouse in an attempt to divert police away from their burglary of a pawnshop in Fruitland.

Each defendant has filed a motion to sever his case from that of his co-defendant. Both gave statements to the Government implicating the other. Because neither may take the stand,

**Memorandum Decision & Order - 1**

both argue that their right to confront the other will be violated when those statements are introduced in their joint trial.

In those alleged statements, each incriminates himself and also places blame on his co-defendant. For example, according to the arresting officer's report, defendant Bolen told him that (1) he planned the destruction with Von Bargen prior to the event, (2) he drove Von Bargen to the sites of the explosions and burglary, (2) he handed Molotov Cocktails to Von Bargen who lit them and placed them under the vehicles, and (3) that he drove Von Bargen to Fruitland where he helped Von Bargen load stolen guns into their truck. *See Affidavit A (report of Captain Cy Armstrong).* Von Bargen, also interviewed by the arresting officer, said many of the same things, but in his account it was Bolen who was taking the lead on placing the Molotov Cocktails and breaking into the pawn shop.

Rule 14 provides that "[i]f the joinder of offenses or defendants . . . appears to prejudice a defendant," then "the court may . . . sever the defendants' trials, or provide any other relief that justice requires." *See* Fed.R.Crim.P. 14(a). Severance is appropriate under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants . . . ." *Zafiro v. U.S.*, 506 U.S. 534, 539 (1993).

One example of prejudice caused by a joint trial is found in *Bruton v. U.S.,* 391 U.S. 123 (1968). A *Bruton* problem arises when two co-defendants each give statements implicating the other. The statement of the declarant co-defendant, when offered against him by the Government, is admissible as non-hearsay, *see* Fed.R.Evid. 802(d)(2), but is generally inadmissible hearsay as against the non-declarant co-defendant. In a joint trial, the jury will hear the statement of each defendant pointing the finger at the other, but if neither takes the stand,

**Memorandum Decision & Order - 2**

neither has an opportunity to confront and cross-examine the other. Until *Bruton* was decided, courts handled this problem by instructing the jury to consider the statement against the declarant only, and not the implicated co-defendant. But *Bruton* declared that this practice placed an unrealistic burden on jurors. *Bruton* held that it violates the Sixth Amendment for an out of court statement by one defendant that implicates another defendant to be introduced in a joint trial where the speaker does not take the stand and subject himself to cross examination.

This case presents a classic *Bruton* problem. Each defendant directly implicates the other. Even so, severance is not automatically ordered. The Court in *Bruton* spoke of "alternative ways" of using a statement to prove the confessor's guilt without infringing the nonconfessor's confrontation rights. *Id*. at 133-34. For example, "[t]he Supreme Court has upheld the use of redactions to solve the *Bruton* problem, although the validity of redaction will depend a great deal on the details." *See* 1AWright, Leipold, Henning, and Welling, *Federal Practice & Procedure*, § 224 (4th ed. 2012). In this Circuit, redactions do not solve the problem if it remains "obvious that an alteration has occurred to protect the identity of a specific person." *U.S. v. Peterson*, 140 F.3d 819, 822 (9th Cir. 1998).

In this case, the Government has not proposed any redactions. Although the Government noted in its separate trial brief that "through redaction and/or instructions to the jury, the statements should be admissible in a joint trial," the Government proposes no specific redactions. Having no redactions to consider, the Court must assume that the Government will seek to introduce the entirety of the statements into evidence. With that assumption, *Bruton* dictates that severance be granted.

**Trial Schedule**

**Memorandum Decision & Order - 3**

The Court will proceed to trial against defendant Von Bargen on the date now scheduled, August 27, 2012. Trial against co-defendant Bolen shall begin on October 9, 2012. As that new trial date for defendant Bolen is within the Speedy Trial Act, no finding of excludable time is necessary.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to sever (docket nos. 52 & 63) are GRANTED and that the trial of the defendants shall be severed as set forth below.

IT IS FURTHER ORDERED, that trial against defendant Von Bargen shall begin on the date now scheduled: August 27, 2012.

IT IS FURTHER ORDERED, that trial against co-defendant Bolen shall begin on October 9, 2012.

DATED: **August 21, 2012**

B. LYNN WINMILL
Chief Judge
United States District Court