IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>DAVID JOSEPH VON BARGEN, AND DONOVAN J. BOLEN<br><br>Defendants. | Case No. 1:11-CR-143-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss filed by defendants. The motion has been briefed by both sides and is at issue. The motion was filed just a few days ago, and the Government's response brief was necessarily expedited, as is this decision, because trial begins in four days. For the reasons explained below, the Court will grant the motion in part, dismissing Counts One and Three without prejudice, and continuing the trial of defendant Von Bargen.

## ANALYSIS

**Mischarged Indictment**

The defendants argue that Counts One and Three of the Indictment are based on the wrong statute. Count One alleges that the defendants conspired to destroy Government property in violation of 18 U.S.C. § 844(h), and Count Three alleges that each used fire and explosives to destroy Government property, again in violation of § 844(h). That statute contains penalties for

"[w]hoever uses fire or an explosive to commit any felony . . . ."

The defendants claim that they were improperly charged under § 844(h) because Congress passed a more specific statute that encompasses the allegations here – § 844(f). That statute contains penalties for "[w]hoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any . . . vehicle, or other personal or real property in whole or in part owned . . .by . . .the United States."

The defendants argue that the Government must charge them under the more specific statute to carry out Congress's intent. They seek to dismiss Counts One and Three as mis-charged.

The use of fire or explosives to destroy Government property in a manner that constitutes a felony fits easily within the plain wording of both statutes. "Where an act violates more than one statute, the Government may elect to prosecute under either unless the congressional history indicates that Congress intended to disallow the use of the more general statute." *U.S. v. Maes*, 546 F.3d 1066, 1068 (9th Cir. 2008). The defendants cite no legislative history specifically supporting their claim that Congress intended to disallow the use of § 844(h) whenever Government property was destroyed. It would have been easy to draft § 844(h) to so provide: Congress could have added a short phrase to § 844(h) making it read as follows: "Whoever uses fire or an explosive to commit any felony *not involving destruction of Government property* may be prosecuted . . . ." The defendants urge the Court to rewrite the statute in this way, but courts do not have that authority.

Defendants argue, however, that the Second Circuit has agreed with their analysis. *See United States v. LaPorta,* 46 F.3d 152 (2d Cir.1994). In that case, the defendants set fire to a

government vehicle and were charged under § 844(h) with using an explosive device to commit a felony. The defendants argued that the charge should be dismissed because their conduct was covered by § 844(f), a statute prohibiting prohibit the destruction of government property. The Second Circuit agreed, determining that § 844(f) is the more specific statute relating to the destruction of government property, and that it necessarily controlled the broader statute (§ 844(h)) because otherwise § 844(f) would have no practical effect. The Second Circuit reached that result by reading § 844(h) together with 18 U.S.C. § 1361, which prohibits the wilful destruction of Government property. The court concluded that these two statutes "would prohibit willful destruction of government property by fire, covering every circumstance that § 844(f) – malicious destruction of government property by fire – covers. Such a construction would rob § 844(f) of all practical effect, surely not the Congressional intent." *Id*. at 156. Allowing charges for destruction of property to be brought under § 844(h) would, according to the Second Circuit, render § 844(f) superfluous because the government would always bring those charges under § 844(h), which contained more stringent penalties. *Id*.

Although the Ninth Circuit has not addressed this specific issue, the Circuit has held that "a general statutory provision may not be used to nullify or to trump a specific provision," the same general principle relied upon by the Second Circuit in *LaPorta*. *See U.S. v. Fish*, 368 F.3d 1200, 1205 (9th Cir. 2004) (quotations omitted). The issue thus becomes whether *LaPorta* is correct that § 844(h), as the "general" statute, must give way to the more "specific" provisions of § 844(f).

Section 844(f) covers the use of fire or explosives to destroy Government property whether the act is a felony or not. Section 844(h) covers the use of fire or explosives to commit

**Memorandum Decision & Order - 3**

a felony whether Government property was destroyed or not. Thus, each statute covers some ground the other does not. In essence, their boundaries are like conjoined circles, neither completely subsumed in the other, with some common ground and some mutually exclusive ground. Seen in this light, § 844(h) is not the more "general" statute and § 844(f) is not the more "specific" statute.

A statute "is rendered superfluous only if a general statute can cover every possible circumstance covered by the specific." *Bobb v. Attorney General of U.S.*, 458 F.3d 213, 224 (3rd Cir. 2006). That is simply not the case here when only the two statutes at issue are considered. Even if the Government decided to charge all felonies under § 844(h), that decision would not render § 844(f) superfluous because non-felonious destruction of government property by use of fire or explosive must still be charged under § 844(f).

However, *LaPorta* does not confine its reading to just the two statutes – it adds § 1361 to the mix, and concludes that this "cocktail" of statutes – § 844(h) and § 1361 read together – would render § 844(f) superfluous if charges of destruction of Government property could be brought under § 844(h). In the expedited resolution this motion requires, the Court has not had the time to consider this analysis in great depth. Typically, when Ninth Circuit law does not exist, the Court would have little reluctance turning to the Second Circuit for guidance. But the Second Circuit's analysis here gives the Court pause: The Court is concerned that importing § 1361 into an otherwise simple analysis completely changed the result. However, the Second Circuit did follow the general principles governing this Court in the Ninth Circuit concerning the relationship between general and specific statutes. While *LaPorta* is obviously not binding, the Court ultimately finds it persuasive, although not without a struggle.

**Memorandum Decision & Order - 4**

Accordingly, the Court will grant the motion to dismiss Counts One and Three without prejudice to allow the Government an opportunity to seek a superseding indictment. The Court will discuss below the Government's motion to continue.

**Double Jeopardy**

The defendants argue that the Government has violated their right to avoid double jeopardy by charging the same offense in Counts Three and Six, and they seek to dismiss one or the other of those charges. Given that Count Three has now been dismissed, the Court will not address this argument unless it is raised later by defendants if a superseding indictment is issued.

**Continuance**

The Government requests a continuance if the motion to dismiss is granted in order to pursue a superseding indictment. The Court has already set defendant Bolen for trial on October 9, 2012, and there appears no need to continue that date at this time. Defendant Von Bargen is currently set for trial on August 27, 2012, just a few days away. Given the impossibility of obtaining a superseding indictment by that date, the Court will grant the motion to continue, and set the Von Bargen trial on October 1, 2012, a date within the Speedy Trial Act. Although no excludable time finding is necessary for that continuance, the Court will find that the period of time between the filing of this motion to dismiss on August 17, 2012, and the filing of this decision will constitute excludable time. *See* 18 U.S.C. § 3161(h)(1)(D).

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to dismiss (docket nos. 67 & 68) are GRANTED IN PART WITHOUT PREJUDICE AND DENIED IN PART.

The motions are granted to the extent they seek to dismiss, without prejudice, Counts One and Three on the ground that they should have been brought under 18 U.S.C. § 844(f) rather than § 844(h), and are denied in all other respects.

IT IS FURTHER ORDERED, that the trial of defendant Von Bargen currently set for August 27, 2012, is vacated and reset for October 1, 2012, at 1:30 p.m. in the Federal Courthouse in Boise Idaho.

IT IS FURTHER ORDERED, that the period of time between the filing of this motion to dismiss (docket no. 67) on August 17, 2012, and the filing of this decision will constitute excludable time. *See* 18 U.S.C. § 3161(h)(1)(D).

DATED: **August 23, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge